[Civ. No. 2892. First Appellate District, Division Two.—June 26, 1919.]

## JOSEPH V. NADEAU, Appellant, v. JOHN C. LYNCH, Receiver, etc., et al., Respondents.

[1] APPEAL—ALTERNATIVE METHOD—INSUFFICIENT CERTIFICATE.—Upon an appeal from a judgment prosecuted under the method prescribed by section 953a of the Code of Civil Procedure, a certificate of the trial judge to the effect that certain notices, stipulation, and affidavits set forth in said transcript "are correct and were before me and considered by me in connection with other testimony" upon the various rulings of which appellant complains, is manifestly insufficient.

[2] ID.—INSUFFICIENT RECORD—PRESUMPTIONS.—In such case, the "other testimony" considered by the trial court in making the rulings complained of not being presented to the appellate court for consideration, the action of the trial court cannot be disturbed.

[3] ID.—MOTION TO VACATE JUDGMENT—CONFLICTING EVIDENCE.— Where the evidence submitted in support of, and in opposition to, a motion to vacate and set aside a judgment upon the ground of mistake, inadvertence, surprise, or excusable neglect, is conflicting, the action of the judge of the lower court cannot be disturbed on appeal.

[4] NEW TRIAL—DISCRETION OF TRIAL COURT.—The matter of granting or denying a motion for a new trial on the ground of newly discovered evidence is left largely to the discretion of the judge who passes upon the motion, and the exercise of his discretion is rarely interfered with by an appellate tribunal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion to vacate and set aside the judgment. John Hunt and Jas. M. Troutt, Judges. Affirmed.

The facts are stated in the opinion of the court.

Jay Monroe Latimer, A. A. Cailleaud and J. E. Pemberton for Appellant.

Hiram W. Johnson, Jr., A. A. De Ligne and A. B. Weiler for Respondents.

HAVEN, J.—Plaintiff appeals from a judgment rendered against him in an action tried before the court without a jury, for recovery of damages resulting from personal injuries; and also from an order denying his motion, made under section 473 of the Code of Civil Procedure, to vacate and set aside the judgment. He further attempts an appeal from an order denying his motion for a new trial, which latter order is not appealable. The appeal is prosecuted under the method prescribed by section 953a of the Code of Civil Procedure. [1] The typewritten transcript, which was filed in attempted compliance with the above section, contains no certificate of the judge who presided at the trial to the truth and correctness of such transcript as containing the matters required by the above referred to section of the code. In lieu thereof appears a certificate of said judge to the effect that certain notices, stipulation, and affidavits set forth in said transcript "are correct and were before me and considered by me in connection with other testimony" upon the various rulings of which appellant complains. This certificate is manifestly insufficient. [2] The "other testimony" which was considered by the judge of the trial court in making the rulings complained of is in no manner presented for our consideration. All presumptions are in favor of the action of the lower court. In the absence of all the testimony considered upon its rulings, its action cannot be disturbed on appeal.

The motions of the appellant for a new trial and for the vacation of the judgment upon the ground of inadvertence, surprise, and excusable neglect were heard by a different judge of the trial court than the one before whom the trial was had and by whom judgment was rendered. The certificate of the latter judge is attached to the typewritten record and is to the effect that the same "contains a true and correct transcript of the papers filed and proceedings had, action taken and order made by me, the undersigned, upon and in connection with the plaintiff's motions for a new trial and to vacate and set aside the judgment entered in this case." As the record so certified is the same as was considered by the trial judge "in connection with other testimony" not therein set forth, the second judge was in no better position than this court to pass upon any alleged errors occurring during the course of the trial. Two of the

errors complained of are the refusal of the trial judge to grant plaintiff's motion for a jury trial *in forma pauperis* without the payment of jury fees, and the denial of plaintiff's motion for a continuance of the time of trial. As the entire evidence which was before the trial judge in passing on these motions is not contained in the transcript, and presumably was not before the second judge, it cannot be held that the refusal to set aside the judgment or to grant a new trial on these grounds was erroneous.

[3] The next error complained of is the denial by the second judge of plaintiff's motion to vacate and set aside the judgment upon the ground of mistake, inadvertence, surprise, or excusable neglect. The evidence submitted in support of, and in opposition to, this motion was conflicting. In view of such conflict, the action of the judge of the lower court cannot be disturbed.

[4] The final contention of appellant is that his motion for a new trial upon the ground of newly discovered evidence should have been granted. This matter is left largely to the discretion of the judge who passes upon the motion, and the exercise of his discretion is rarely interfered with by an appellate tribunal. The affidavits submitted in support of this motion contain no sufficient showing of reasonable diligence to have discovered and produced this testimony at the time of the trial. Appellant's principal complaint in this regard is that his surprise at the refusal of the trial court to grant a continuance prevented the offering of this evidence. As stated above, upon the record, as submitted to us, we must presume that the motion for a continuance was properly denied.

The judgment and order appealed from are affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1919.

All the Justices concurred.